[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2009
THOMAS K. KAHN
CLERK

No. 08-16171
Non-Argument Calendar
_____

D. C. Docket No. 08-02202-CV-ODE-1

REGINALD WARREN, SR.,

Plaintiff-Appellant,

versus

COUNTRYWIDE HOME LOANS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 14, 2009)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Reginald Warren, proceeding pro se, appeals the dismissal of his civil action against Countrywide Home Loans, Inc. ("Countrywide), in which he alleged violations of Georgia state law and the Fair Debt Collection Practices Act (the

"FDCPA"), 15 U.S.C. § 1692g(b). On appeal, Warren argues that: (1) Countrywide violated the FDCPA by failing to respond to his request for verification of his debt before it proceeded with a foreclosure sale of his home, and by failing to tell the major credit bureaus that he had disputed the debt; (2) Countrywide violated the Federal Trade Commission Act (the "FTCA"), the Fair Credit Reporting Act (the "FCRA"), and the Truth in Lending Act (the "TILA"). After careful review, we affirm.

We review the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). A pro se complaint should be construed more liberally than formal pleadings drafted by lawyers. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, our "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (citation omitted).

In addition, issues not briefed on appeal by a pro se litigant are deemed abandoned. Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Even though we read pro se pleadings liberally, a pro se litigant who does not challenge

an issue abandons that issue on appeal. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (holding that a pro se litigant abandoned an issue by not challenging it on appeal). Further, an issue may be deemed abandoned where a party only mentions it in passing, without providing substantive argument in support. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (refusing to reach an issue mentioned in passing in the plaintiff's brief because the issue had no supporting argument or discussion). Finally, we generally will not consider an issue not raised in the district court. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). This is so because, if we regularly were to address issues not examined by the district court, we would waste resources and deviate from the essential purpose of an appellate court. Id.

As an initial matter, Warren did not argue before the district court that Countrywide violated the FDCPA by failing to notify the major credit bureaus that he had disputed his debt. Likewise, he did not present the district court with his claims that Countrywide violated the FTCA, the FCRA, or the TILA. Accordingly, we decline to address these arguments on appeal. See id.[1]

---

[1] Moreover, although Warren did vaguely allege violations of "Georgia's Procedural Foreclosure Law" before the district court, he generally failed to offer any allegations pertaining to Georgia law, or even which statutory provisions he was claiming Countrywide violated, before the district court. In fact, the only specific allegation he made regarding Georgia law was that Countrywide had "plaintiff's home listed in the newspaper for sale" -- which is plainly a requirement, and not a violation, of Georgia law. See O.C.G.A. § 44-14-162. The district court therefore did not err in dismissing Warren's Georgia law claims. Snow, 450 F.3d at 1320.

We also reject Warren's apparent argument -- construed loosely from his brief -- that the district court erred by dismissing his claim that Countrywide violated the FDCPA by failing to respond to his request for verification of his debt before it proceeded with a foreclosure sale of his home. Congress enacted the FDCPA to (a) stop debt collectors from using abuse debt collection practices, (b) insure that debt collectors who refrain from such practices are not competitively disadvantaged, and (c) promote consist state action to protect consumers from such practices. 15 U.S.C. § 1692(e). Under the FDCPA, if a consumer notifies a debt collector in writing that a debt is disputed, the collector must cease collection of that debt until the debt collector verifies the debt and mails a copy of the verification to the consumer. Id. § 1692g(b).

The FDCPA defines a "debt collector" as a person who uses an instrumentality of interstate commerce or the mails in a business which has the principal purpose of collecting debts, or who regularly collects debts owed to another. Id. § 1692a(6). Further, for the purpose of 15 U.S.C. § 1692f(6), the term also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of

---

Further, while Warren lists several provisions of the Georgia Code that he claims were violated in his appeal brief, we will not consider these claims since he failed to raise them in the district court. Access Now, Inc., 385 F.3d at 1331.

4

security interests." Id. § 1692a(6). Under § 1692f(6), a debt collector may not take or threaten to take a consumer's property in a nonjudicial action if (a) there is no present right to the property through an enforceable security interest, (b) there is no present intention to take possession of the property, or (c) the property is exempt from being taken. Id. § 1692f(6).

Notably, the FDCPA does not define "debt collection." See id. § 1692a. However, the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g. See id. § 1692a(6). Indeed, the statute specifically says that a person in the business of enforcing security interests is a "debt collector" for the purposes of § 1692f(6), which reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act. See Fla. Right to Life, Inc. v. Lamar, 273 F.3d 1318, 1327 (11th Cir. 2001) (recognizing the interpretive canon of expressio unius est exclusio alterius, which provides that "the expression of one thing implies the exclusion of another") (quotations omitted). Thus, if a person enforcing a security interest is not a debt collector, it likewise is reasonable to conclude that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act.

5

Following this reasoning, several courts have held that "an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)." Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, No. 06-3103 (RHK/AJB), 2007 WL 2695795, at *3-4 (D. Minn. Sept. 12, 2007); see also Montgomery v. Huntington Bank, 346 F.3d 693, 699-700 (6th Cir. 2003) (finding that enforcer of security interest falls outside of FDCPA provisions); Overton v. Foutty & Foutty, LLP, No. 1:07-CV-0274-DFHTAB, 2007 WL 2413026, at *3-6 (S.D. Ind. August 21, 2007) ("If a person invokes judicial remedies only to enforce the security interest in property, then the effort is not subject to the FDCPA (other than § 1692f(6) and § 1692i(a)).") (emphasis omitted); Trent v. Mortgage Elect. Registration Sys., Inc., No. 3:06-CV-374-J-32HTS, 2007 WL 2120262, at *3-4 (M.D. Fla. July 20, 2007) (applying the analysis of the FDCPA to Florida's counterpart and finding that a mortgage foreclosure action did not qualify as debt collection activity); Beadle v. Haughey, No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. February 9, 2005) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA."). We agree with the conclusions of these courts.

6

In short, since foreclosing on a home is not debt collection for purposes of § 1692g, Warren did not, and could not, state a claim under that provision based on Countrywide's foreclosure sale of his home. Accordingly, the district court did not err by dismissing this claim, and we affirm.

**AFFIRMED.**