**In re Annie Pauline WARD, Debtor.**

**Annie Pauline Ward, Plaintiff,**

v.

**Johnson & Freedman, LLC, AMS Servicing, LLC, Defendants.**

**Bankruptcy No. 10–85535–MHM. Adversary No. 10–6517.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 30, 2011.

Ralph Goldberg, Goldberg & Cuvillier, P.C., Decatur, GA, for Debtor and Plaintiff.

Lawrence W. Kelly, Johnson & Freeman, LLC, Atlanta, GA, for Defendants.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This matter is before the court on Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons stated below, Defendants' motion to dismiss is **denied** in part and **granted** in part.

### STATEMENT OF FACTS

On September 15, 2010, Debtor Anne Pauline Ward ("Plaintiff") filed a *Complaint* (Doc. No. 1) (the "Complaint") against Johnson & Freedman, LLC ("J & F") and AMS Servicing, LLC ("AMS") (collectively "Defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2) and § 1692g(b) ("FDCPA"). On October 7, 2010, Defendants filed a *Motion to Dismiss* alleging failure to state a claim upon which relief can be granted. On October 11, 2010, Plaintiff filed an *Amended Complaint* (Doc. No. 6) alleging another violation of the FDCPA, 15 U.S.C. § 1692g.

The Complaint alleges: Defendants J & F and AMS are limited liability corporations engaged in the business of collecting debts using the mail and telephone. Defendant AMS began collection efforts against Plaintiff when the subject debt was in default (the "Debt").[1] On April 6, 2010, April 30, 2010 and June 2, 2010, Plaintiff's counsel contacted Defendant, AMS on behalf of Plaintiff. Therefore, as early as April 6, 2010, Defendants were aware that Plaintiff was represented by counsel.

On or about July 26, 2010 Defendant, J & F, on behalf of AMS, contacted Plaintiff to collect on the Debt and sent Plaintiff the validation notice mandated by 15 U.S.C. § 1692g. In that notice, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g by failing to clearly disclose Plaintiff's verification rights and telling Plaintiff "We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client." On August 12, 2010, Plaintiff contacted Defendant J & F, to request verification of her debt. Defendant responded to this request for verification of Plaintiff's debt September 23, 2010. Plaintiff filed this adversary proceeding September 15, 2010.

## DISCUSSION

"All the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings under Rule 7012 of the Federal Bankruptcy Procedure, all well-pled facts are considered true and construed in a light most favor-

able to Plaintiff. *See Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir.2008). To defeat a motion to dismiss, "... the factual matter in a complaint must state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Plaintiff is alleging violations of 15 U.S.C. §§ 1692c(a)(2), 1692g(b) and 1692g. Under 15 U.S.C. § 1692c(a)(2), it is a violation of the FDCPA

> if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

Under 15 U.S.C. 1692g(b)

> if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the

---

1. The Debt is not described in the Complaint. Based on review of Debtor's Schedules A–F, however, it appears the Debt is secured by Debtor's real estate and the total debt as of the petition date was approximately $243,000.

debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30–day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Under 15 U.S.C. § 1692g,

within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

█ Plaintiff alleges that Defendants violated the FDCPA § 1692c(a)(2) by communicating with the Plaintiff when Defendants knew that Plaintiff was represented by an attorney. Because Plaintiff alleges that her counsel contacted Defendant AMS on April 6, 2010, April 30, 2010, May 21, 2010 and June 2, 2010, Plaintiff has stated sufficient facts to allow the reasonable inference that Defendants were aware that Plaintiff was represented by counsel. Plaintiff alleged that Defendant J & F, on behalf of AMS, communicated with Plaintiff directly July 26, 2010 to collect on the debt. Accordingly, Plaintiff's allegations that Defendants continued collection efforts against the Plaintiff after Defendants knew she was represented by counsel are sufficient to state a claim upon which relief can be granted under 15 U.S.C. § 1692c(a)(2).

█ Plaintiff's second allegation is that Defendants failed to verify the debt before or after it began foreclosure proceedings in violation of 15 U.S.C. § 1692g(b). Plaintiff requested a verification of the debt August 12, 2010. Defendant sent the notice required by 15 U.S.C. § 1692g to Plaintiff July 26, 2010. Thus, Defendant did not violate 1692g(b) because even if the July 26, 2010 notice is considered to be a debt collection activity for the purposes of § 1692g, it pre-dated Plaintiff's request for a verification of debt. In *Warren v. Countrywide Home Loans, Inc.,* 342 Fed.Appx. 458, 460–61, the 11th Circuit Court of Appeals stated:

Notably, the FDCPA does not define "debt collection." However, the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not a debt collection activity for the purposes of § 1692g.... Thus, if a person enforcing a security interest is not a debt collector,

it likewise is reasonable to conclude that enforcement of a security interest through the foreclosure process is not a debt collection for the purposes of the Act.... In short, since foreclosing on a home is not a debt collection activity for the purposes of § 1692g, Warren did not, and could not, state a claim under that provision based on Countrywide's foreclosure sale of his home.

Accordingly, Plaintiff's allegations are insufficient to state a claim upon which relief can be granted under 15 U.S.C. § 1692g because beginning foreclosure proceedings on Plaintiff's house is not a debt collection activity for the purposes of the Act.

Plaintiff's third allegation is that Defendant, J & F, violated 15 U.S.C. § 1692g by sending a validation notice that failed to clearly disclose Plaintiff's verification rights. Plaintiff alleges this violation because immediately after giving the notice mandated by 15 U.S.C. § 1692g, it contradicted the notice misleadingly by telling Plaintiff "We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client." This allegation fails to state a claim for the same reasons described above regarding Plaintiff's second allegation: "Enforcement of a security interest through the foreclosure process is not a debt collection for the purposes of the Act" *Warren*, 342 Fed. Appx. at 460. Accordingly, Plaintiff's allegations are insufficient to state a claim upon which relief can be granted under 15 U.S.C. § 1692g.

Accordingly, it is hereby

**ORDERED** that Defendants' motion to dismiss Plaintiff's *Complaint* is ***denied*** as to the allegations of violation of § 1692c(a)(2) and ***granted*** as to the allegations of violation of §§ 1692g(b) and 1692g.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the Chapter 13 Trustee.

IT IS SO ORDERED.