NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BRENDAN BRINDISE and SUZANNE )
BRINDISE, )
          Appellants, )
           )
v. )      Case No.  2D14-3316
           )
U.S. BANK NATIONAL ASSOCIATION, )
AS TRUSTEE, FOR THE BENEFIT OF )
HARBORVIEW 2005-3 TRUST FUND; )
COCO BAY COMMUNITY )
ASSOCIATION, INC.; and MORTGAGE )
ELECTRONIC REGISTRATION )
SYSTEMS INC. AS NOMINEE FOR )
COUNTRYWIDE HOME LOANS, INC., )
           )
          Appellees. )
_____)

Opinion filed January 20, 2016.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior
Judge.

Mark P. Stopa of the Stopa Law Firm,
Tampa, for Appellant.

Nancy M. Wallace of Akerman, LLP,
Tallahassee; William P. Heller of Akerman,
LLP, Fort Lauderdale; and Rebecca N.
Shwayri of Akerman, LLP, Tampa, for
Appellee U.S. Bank National Association,
as Trustee, for the Benefit of Harborview
2005-3 Trust Fund.

No appearance for remaining Appellees.

LaROSE, Judge.

Brendan and Suzanne Brindise appeal a final foreclosure judgment. They raise but one issue—one that may be of first impression in the district courts of appeal. They claim that the trial court erroneously entered final judgment because, prior to filing suit, U.S. Bank National Association, the holder of the note, failed to give them written notice of the assignment of their mortgage loan as required by section 559.715, Florida Statutes (2012). According to the Brindises, such notice was a condition precedent to suit. The Brindises posit that U.S. Bank's failure of pleading and proof on this issue barred foreclosure. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We affirm the final foreclosure judgment. In doing so, we hold only that providing the notice described in section 559.715 is not a condition precedent to foreclosure.

## Background

In 2005, the Brindises took out a loan and signed a promissory note, secured by a mortgage, to buy a home in Lee County. Countrywide Home Loans, Inc., was their lender. Later, U.S. Bank acquired the note by an assignment through a blank indorsement. See § 673.2051(2), Fla. Stat. (2014) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). U.S. Bank also became the assignee of the mortgage.

The Brindises stopped making loan payments sometime in 2010. As holder of the note, U.S. Bank filed a foreclosure suit in the fall of 2012.[1] In addition to foreclosure, U.S. Bank sought a money judgment for the entire accelerated principal due on the note, together with any deficiency after sale, interest, and attorney's fees. A legend on the bottom of U.S. Bank's amended complaint states that the lawsuit "is an attempt to collect a debt."

As a defense to the suit, the Brindises alleged that U.S. Bank failed to give them written notice of assignment as required by section 559.715. The Brindises contend that upon becoming holder of the note through an assignment, and at least thirty days before filing suit, U.S. Bank had to provide written notice to them. The trial court rejected this argument and denied their motion for involuntary dismissal. At the conclusion of a nonjury trial, the trial court entered a final foreclosure judgment in favor of U.S. Bank.

**Analysis**

Because the parties ask us to interpret a statute, our standard of review is de novo. See W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8 (Fla. 2012); Fla. Ins. Guar. Ass'n, Inc. v. Lustre, 163 So. 3d 624, 628 (Fla. 2d DCA 2015).

Enacted in 1989, section 559.715 is part of the Florida Consumer Collection Practices Act (FCCPA). See § 559.551. Debt collection practices are also subject to federal oversight under the Fair Debt Collection Practices Act. 15 U.S.C. §§

---

[1]Although U.S. Bank held the note, our record indicates that Nationstar Mortgage, LLC, has serviced the loan since August 2013. BAC Home Loans Servicing, LP, was a prior servicer.

- 3 -

1692 - 1692p (FDCPA). Our brief reference to the federal statute is important because each party relies on any number of federal cases interpreting the FDCPA, an analog to the FCCPA. See § 559.552 (providing that the FCCPA does not limit or restrict the application of the FDCPA; in the event of any inconsistency in the two acts, the more protective for the consumer or debtor prevails). State law does not mandate that the state courts obey federal precedent. Section 559.77(5) provides that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the [FDCPA]." Dish Network Serv., L.L.C. v. Myers, 87 So. 3d 72, 77 (Fla. 2d DCA 2012).

Section 559.715 provides as follows:

> **Assignment of consumer debts. --** This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

The legislature intended the statute to streamline the collection of consumer debts. See Fla. S. Comm. on Judiciary, CS for CS for SB 196 (1989) Staff Analysis 1 (Apr. 25, 1989). By allowing the assignment of the right to bill and collect, the statute "permits the consolidation of all claims by various creditors against a particular debtor." See Fla. H.R. Comm. on Com., HB 1566 (1989) Staff Analysis 1 (June 22, 1989). The salutary result of such consolidation is to reduce the number of lawsuits that collection agencies must pursue. Id. Indeed, the assignment and consolidation process allows a stranger to the initial financing transaction, typically a collection agency, to proceed more efficiently to obtain payment of delinquent

- 4 -

obligations from a single debtor for the benefit of multiple creditors. See Fla. S. Comm. on Judiciary, CS for CS for SB 196 (1989) Staff Analysis 1 (Apr. 25, 1989). The written notice of assignment alerts the consumer that the creditor has delegated a right to recover to the assignee. It is not apparent, however, that section 559.715 applies neatly in the mortgage foreclosure context where, more often than not, a single note holder seeks to foreclose on a single mortgage and note upon the mortgagor's default. The assignee of the note is not a collection agent for others.[2]

Because section 559.715 applies to consumer debt, the parties battle over whether a foreclosure suit is an effort to collect a consumer debt. The parties jockey almost ceaselessly trying to convince us that a foreclosure action is or is not a debt collection proceeding. On that point, the federal cases to which they cite offer no meaningful consistency. See, e.g., Dunavant v. Sirote & Permutt, P.C., 603 Fed. Appx. 737 (11th Cir. 2015) (holding that publishing mortgage foreclosure notices amounts only to enforcement of a security interest and not a collection of debt for purposes of the FDCPA); Summerlin Asset Mgmt. V Trust v. Jackson, No. 9:14-cv-81302, 2015 WL 4065372 (S.D. Fla. July 2, 2015) (stating that compliance with section 559.715 of the FCCPA is not a condition precedent to the commencement of a mortgage foreclosure action); Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F. 3d 1211 (11th Cir. 2012) (noting, in the context of a "dunning" letter from a law firm, that a plausible claim

---

[2]It does not seem obvious that U.S. Bank would qualify as a collection agency under the FCCPA. See § 559.533(3)(c), (i) (providing that registration requirements for collection agencies do not apply to financial institutions authorized to do business in Florida or to an FDIC insured institution), as amended in 2014, which renumbered the provision, without change, from section 559.553(4) to 559.553(3). 2014 Fla. Sess. Law Serv. Ch. 2014 -116.

was stated under the FDCPA where it was alleged (1) that the defendant is a "debt collector" and (2) that the challenged conduct is related to debt collection); Birster v. Am. Home Mortg. Servicing, Inc., 481 Fed. Appx. 579 (11th Cir. 2012) (holding that mortgage loan servicer's conduct supported conclusion that it engaged in debt collection activity, in addition to enforcing a security interest, under FDCPA).

Section 559.55(6)[3] defines "debt" or "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Because the Brindises borrowed money to buy a home, they argue that they incurred a consumer debt to which section 559.715 applies.

U.S. Bank does not seriously argue that an effort to collect on a defaulted mortgage loan can never be an attempt to collect a consumer debt. Rather, and despite the admonition in its amended complaint, U.S. Bank contends that the filing of a foreclosure suit, alone, is but an attempt to enforce its security interest in the property.[4] See, e.g., Dunavant, 603 Fed. Appx. 737 (stating that publication of foreclosure notices amounts only to enforcement of a security instrument and not a debt for purposes of the FDCPA).

---

[3]As amended in 2014, which renumbered the definition provision, without change, from section 559.55(1) to 559.55(6). Ch. 2014-116, Laws of Fla.

[4]Mortgage foreclosures are equitable in nature. § 702.01, Fla. Stat. (2012-2014); see Singleton v. Greymar Assoc., 882 So. 2d 1004, 1005 (Fla. 2004); Clark v. Lachenmeier, 237 So. 2d 583, 585 (Fla. 2d DCA 1970).

Focusing solely on whether the foreclosure suit is an effort to collect a consumer debt, the parties urge us to become ensnared unnecessarily in a briar patch. We need not fight their fight. Even if a foreclosure suit is an effort to collect a consumer debt, several reasons compel us to conclude that the trial court did not err.

First, we examine the statute's text. Section 559.715 has no language making written notice of assignment a condition precedent to suit. The Legislature, of course, knows how to condition the filing of a lawsuit on some prior occurrence. It has done so, for example, for libel and slander actions. §§ 770.01 - .02, Fla. Stat. (2014). Before a victim of alleged medical malpractice can file a negligence suit, the victim must engage in a rigorous presuit investigation and discovery process. §§ 766.203 - .206, Fla. Stat. (2014). In the condominium context, the Legislature has mandated that the parties engage in an alternative dispute resolution process before seeking trial court relief. § 718.1255 (4), Fla. Stat. (2014). The Legislature knows how to create a condition precedent. Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact.

Second, anticipating the assignment of the right to bill and collect to a third party, section 559.715 provides that the assignee is "a" real party in interest empowered to collect the debt. The open-ended "a" indicates that the assignee is not the only real party in interest. If that were the intent, the Legislature would have referred to "the" real party in interest. Accordingly, the statute reflects that the assignor retains rights against the debtor. The right to bill and collect, thus, does not rest exclusively with the assignee. In such a situation, requiring written notice from the assignee makes perfect

sense; notice alerts the debtor that multiple parties may seek to collect a delinquent debt.

The foreclosure suit, here, poses no such concern. Nothing in our record suggests that, upon assignment, U.S. Bank received anything less than the full bundle of rights associated with the Brindises' mortgage loan. By assignment, U.S. Bank owned the note and the mortgage. The assignor divested itself of any interest in the Brindises' mortgage loan. U.S. Bank alleged and proved that it held the note at the time it filed suit. On appeal, the Brindises do not challenge U.S. Bank's standing. Florida law is clear that the note holder has the right to foreclose. See § 673.3011(2), Fla. Stat. (2014); Creadon v. U.S. Bank N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015); Mazine v. M & I Bank, 67 So. 3d 1129, 1130 (Fla. 1st DCA 2011). That right exists whether or not another entity services the loan or whether the holder acquired the note by assignment. U.S. Bank is "the" real party in interest.

Third, viewing section 559.715 in the broader context of the FCCPA further undermines the Brindises' position. The Brindises argue that if compliance with section 559.715 is not a condition precedent to suit, they will have no remedy for the alleged failure to provide notice. Section 559.72 prohibits specified debt collection practices. For example, it prohibits a debt collector from using threats of force or violence, wrongful disclosure of information, abusive or harassing techniques, abusive language, and improper timing of collection phone calls. See, e.g., § 559.72(2), (5), (6), (8), (17); Dish Network, 87 So. 3d at 74 (stating a claim that Dish (1) willfully engaged in conduct that could reasonably be expected to abuse or harass in violation of section 559.72(7), and (2) attempted to collect a debt while knowing that it was not a legitimate

debt in violation of section 559.72(9)).[5]  The Brindises do not claim that U.S. Bank

engaged in such untoward tactics.  If it had, the legislature has created private causes

of action for consumers to recover damages and other relief.  See § 559.77.  Those

remedies, however, do not extend to section 559.715.  Indeed, the prohibitions in

section 559.72 do not include the alleged failure to give notice.  But, the FCCPA

imposes a sweeping scheme of administrative enforcement.  See §§ 559.725, .726,

.727, .730, .77, .78, .785.  For example, a person who violates any provision of the

FCCPA is subject to a cease and desist order.  § 559.727.  Further, persons registered

or required to be registered under section 559.553 are subject to disciplinary action for

failure to comply with any provision of the FCCPA.  § 559.565.  We are unaware if the

Brindises availed themselves of these procedures.  Nevertheless, we are not prepared

to conclude that not applying section 559.715 immunizes an alleged violator as they

contend.

The FCCPA prohibits egregious debt collection practices and provides

legal remedies to protect consumers from harassing collection efforts.  See Summerlin,

2015 WL 4065372, at *4 (stating that the purpose and intent of the FCCPA "is to

eliminate abusive and harassing tactics in the collection of debts").  The Brindises have

not demonstrated that the mere filing of a foreclosure suit, even one seeking money

damages, implicates those concerns.  Thus, where administrative enforcement

---

[5]Many of the federal cases upon which the Brindises rely include such
unlawful conduct by a debt collector or loan servicer.  See, e.g., Birster, 481 F. Appx.
579; Lara v. Specialized Loan Servicing, LLC, No. 1:12-cv-24405-UU, 2013 WL
4768004 (S.D. Fla. Sept. 6, 2013).

mechanisms exist, making section 559.715 a condition precedent is not necessary to the primary purpose of the FCCPA.

Fourth, with this broader understanding of the FCCPA, we conclude that the Brindises' reliance on Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906 (Fla. 2d DCA 2014), is misplaced. They contend that Gann compels the conclusion that filing a foreclosure suit constitutes a section 559.715 "action to collect a debt." But, Gann does not implicate section 559.715. In Gann, a mortgagor sued under the FCCPA, alleging illegal collection practices by a creditor in violation of section 559.72(9), Florida Statutes (2011). 145 So. 3d at 907. Gann held only that the mortgagor stated a cause of action for prelitigation harassing debt collection practices. Id. at 910. The Brindises make no such claim against U.S. Bank.

Fifth, the Brindises' reliance on Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193 (Fla. 5th DCA 2014), is also off the mark. In that case, the Fifth District reversed entry of summary judgment for a creditor because a material issue of fact remained as to whether the creditor had actually provided the written notice required by section 559.715. Id. at 1194-95. Reading far too much into Burt, the Brindises argue that the case establishes that section 559.715 has been incorporated into the elements of pleading a foreclosure complaint. Burt, however, did not even discuss section 559.715 as a condition precedent to suit. Most significant, Burt involved the assignment of a credit card debt, the quintessential form of consumer debt. See Burt, 138 So. 2d at 1194.

Sixth, the Brindises ignore the fact that the lender could transfer the note without prior notice to them. Specifically, paragraph 20 of the mortgage they executed

provides that the note "can be sold one or more times without prior notice to [the Brindises]."  As a matter of contract, section 559.715 is inapplicable.

We also find it significant that the Brindises contractually agreed with their lender on the procedure by which they would receive notice of any default and the manner in which the lender could accelerate all payments due.  Paragraph 22 of the mortgage specifically provides as follows:

> **22.  Acceleration; Remedies.**  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Security Instrument . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding[,] and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. . . .

The Brindises have not argued on appeal that they did not receive the paragraph 22 notice or that the notice was deficient.[6]

The Brindises entered into a binding contract and must recognize "the unique nature of the mortgage obligation and the continuing obligations of the parties in

---

[6]Although not directly relevant to our decision, we observe that the Brindises have not shown what, if any, prejudice they suffered as a result of receiving no notice under section 559.715.  They stopped making payments in 2010.  They received the paragraph 22 letter, they appeared and defended in the lawsuit, and the original note was placed in the court file, eliminating the risk of another suit on the same note.  We also observe that the paragraph 22 letter gave the Brindises a thirty-day cure period, a breathing period similar to that contained in section 559.715.

- 11 -

that relationship." Singleton, 882 So. 2d at 1007.  Under paragraph 20, the Brindises are not entitled to the notice they claim is due under section 559.715.  And, in the event of default, they agreed to a notice method independent of section 559.715.

## Conclusion

We hold that failure to provide written notice under section 559.715 did not bar U.S. Bank's foreclosure suit, nor did it create a condition precedent to the institution of the foreclosure suit.  Accordingly, we affirm the trial court's final foreclosure judgment.  However, because innumerable foreclosure cases are pending in the trial and district courts where defendants have raised section 559.715 as a bar to foreclosure, we certify to the supreme court the following question as one of great public importance:

> IS THE PROVISION OF WRITTEN NOTICE OF ASSIGNMENT UNDER SECTION 559.715 A CONDITION PRECEDENT TO THE INSTITUTION OF A FORECLOSURE LAWSUIT BY THE HOLDER OF THE NOTE?

Affirmed; question certified.


NORTHCUTT, J., Concurs.
KHOUZAM, J., Dissents with opinion.



KHOUZAM, Judge, Dissenting.

I would hold that the plain language of section 559.715 does create a condition precedent to a foreclosure suit.  Therefore, in my view, U.S. Bank was required to give the Brindises written notice that it had become the holder of the note

- 12 -

through assignment at least thirty days before filing a foreclosure complaint against them.  Accordingly, I would reverse the final foreclosure judgment in this case.

"[T]he polestar of statutory construction [is the] plain meaning of the statute at issue." Dep't of Transp. v. Mid-Peninsula Realty Inv. Grp., LLC, 171 So. 3d 771, 776 (Fla. 2d DCA 2015) (second alteration in original) (quoting Acosta v. Richter, 671 So. 2d 149, 153 (Fla. 1996)).  A reviewing court must look first to the actual language of the statute and give that language its plain and ordinary meaning. Therlonge v. State, 40 Fla. L. Weekly D1646 (Fla. 4th DCA July 15, 2015).  Looking at the plain meaning of the statute is the primary way a court should determine legislative intent.  State v. Dorsett, 158 So. 3d 557, 560 (Fla. 2015).  Only where the language of a statute is unclear or ambiguous should a court use the rules of statutory construction to discern legislative intent.  Id.  A reviewing court cannot add words that the legislature did not include.  Therlonge, 40 Fla. L. Weekly at D1647.  "If the words are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning." Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 460 (6th Cir. 2013) (quoting Caminetti v. United States, 242 U.S. 470, 490 (1917)).

The FCCPA does not specifically exclude foreclosure—or, more generally, the enforcement of security interests—from its reach.  And a borrower's obligation under a promissory note in a residential foreclosure suit falls within the broad definition of "consumer debt" contained in section 559.55(6).  Though this definition has already been recited by the majority, it is worth repeating here:

> "Debt" or "consumer debt" means any obligation or alleged
> obligation of a consumer to pay money arising out of a

- 13 -

transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

In the foreclosure context, a borrower is a consumer who is obligated under the promissory note to pay money to the mortgagee. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (interpreting the FDCPA's definition of a "debt," which is essentially identical to the definition found in the FCCPA); Glazer, 704 F.3d at 463 ("There can be no serious doubt that the ultimate purpose of foreclosure is the payment of money."). And this payment obligation arose out of a transaction whose subject is property used primarily for personal, family, or household purposes because the borrower lives on the property. See Reese, 678 F.3d at 1217.

The fact that foreclosure suits have a dual purpose—both the collection of a debt under the promissory note and the enforcement of a security interest under the mortgage—does not prevent them from being a debt collection activity. As this court has acknowledged, "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a 'debt' even if it is secured." Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906, 909 (Fla. 2d DCA 2014) (alteration in original) (quoting Reese, 678 F.3d at 1218); see also Birster v. Am. Home Mortg. Servicing, Inc., 481 Fed. Appx. 579, 582 (11th Cir. 2012) (applying Reese and holding that an attempt to enforce a security instrument and collect a debt qualifies as a debt collection activity under the FDCPA) (unpublished opinion); Freire v. Aldridge Connors, LLP, 994 F. Supp. 2d 1284, 1288 (S.D. Fla. 2014) ("Because the foreclosure complaint sought to enforce a

promissory note, not solely to enforce a mortgage, and because the foreclosure complaint sought a deficiency judgment, a judgment for an amount beyond the collateral, Defendant sought to collect a debt, and therefore Plaintiffs were the object of debt collection activity."); Battle v. Gladstone Law Grp., P.A., 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013) ("[M]oney owed on a promissory note secured by a mortgage is a debt for purposes of the FDCPA."). The practical result of holding otherwise would create a huge loophole in the FCCPA because the actions that the act seeks to curtail would not be prohibited so long as the debt in question was secured. See Gann, 145 So. 3d at 909; Reese, 678 F.3d at 1217-18; Birster, 481 Fed. Appx. at 582-83.

Going even further, the very purpose of a mortgage is to secure repayment of a debt and therefore the enforcement of the mortgage itself is a debt collection activity. See Black's Law Dictionary (10th ed. 2014) (defining "mortgage" as "[a] conveyance of title to property that is given as security for the payment of a debt or the performance of a duty and that will become void upon payment or performance according to the stipulated terms" and "foreclosure" as "[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property"); see also Glazer, 704 F.3d at 461 (broadly holding that "mortgage foreclosure is debt collection under the FDCPA" because "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.,* obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from

the sale to pay down the outstanding debt)").  Indeed, U.S. Bank acknowledged in its amended complaint that the foreclosure suit was "an attempt to collect a debt."

Once we establish that a foreclosure suit is an action to collect a debt to which the FCCPA applies, it becomes clear based on the plain language of section 559.715 that it creates a condition precedent to a foreclosure suit.  Section 559.715 provides that an "assignee <u>must</u> give the debtor written notice of [an] assignment as soon as practical after the assignment is made, <u>but at least 30 days before any action to collect the debt</u>" (emphasis added).  Though the majority suggests that this language is not specific enough to effectively create a condition precedent, I disagree.  It is true that the legislature has, in other areas of the law, created more involved and specific conditions precedent.  But that fact does not undermine the clear mandate found in section 559.715 that an assignee must give the debtor written notice of an assignment at least thirty days before taking any action to collect the debt.  The majority is correct that the Fifth District's decision in <u>Burt v. Hudson & Keyse, LLC</u>, 138 So. 3d 1193 (Fla. 5th DCA 2014), is not directly on point because it was an appeal of a final summary judgment and dealt with credit card debt; however, <u>Burt</u> does stand for the proposition that lack of compliance with section 559.715 may, at a minimum, be raised as a defense.  Thus, I believe <u>Burt</u> does support the position that section 559.715 creates a condition precedent.

Because the plain language of section 559.715 is clear and unambiguous, the majority's focus on the broader purpose of the FCCPA is misplaced.  <u>See</u> <u>Dorsett</u>, 158 So. 3d at 560 (stating that a court should look primarily at a statute's plain meaning to determine legislative intent and that a court should only apply rules of statutory

construction to determine legislative intent where the plain language of the statute is unclear or ambiguous).  However, I also believe that interpreting 559.715 as creating a condition precedent to foreclosure does not conflict with the broader purpose of that section or the FCCPA as a whole.

The majority points out that section 559.715 was intended to streamline the collection of consumer debts by allowing various creditors' claims against a single debtor to be consolidated and pursued by a collection agency.  Accordingly, the majority suggests that the section does not apply in the mortgage foreclosure context because the assignee of the note is generally not a collection agent for others.  But the fact that mortgage foreclosure is not the typical scenario to which the statute is applied does not mean that the statute is not applicable to mortgage foreclosure.  And there is nothing in the language of the statute itself—or, indeed, the staff analyses that the majority cites— that limits its application to debt collection agencies.  Rather, the statute simply permits the assignment of consumer debts and provides that the assignee must give the debtor written notice of the assignment "at least 30 days before any action to collect the debt."

The majority also cites to the language in section 559.715 stating that the assignee is "a" real party in interest as opposed to "the" real party in interest, suggesting that this word choice shows that this section only applies where the assignor retains some rights.  But it seems to me that this language simply allows the assignee to be one of multiple parties who hold an interest; it does not limit the section's application to scenarios where the assignor has retained some rights.

Next, the majority points out that the Brindises could have sought relief under the sections of the FCCPA that provide for administrative enforcement.  For

example, section 559.725 provides that consumers' complaints against debt collectors must be investigated and section 559.727 provides that corrective actions may be taken to remedy violations. But in my view the fact that these procedures were available to the Brindises does not negate the language found in section 559.715 providing for notice as a condition precedent to suit. Moreover, without notice of the assignment, it would be logistically difficult for borrowers like the Brindises to meaningfully pursue these administrative remedies.

Additionally, the majority asserts that making section 559.715 a condition precedent is not necessary to the primary purpose of the FCCPA, which is to protect consumers from abusive and harassing collection efforts. The majority points out that the Brindises do not allege that U.S. Bank engaged in these egregious tactics. But the plain language of section 559.715 reveals that it does not address these egregious tactics that are the primary focus of the FCCPA; rather, section 559.715 allows the assignment of consumer debts and requires assignees to give notice of an assignment.

The majority points out that Paragraph 20 of the mortgage allows the lender to transfer the note without prior notice to the Brindises, concluding that this provision renders section 559.715 inapplicable as a matter of contract law. But section 559.715 does not require notice prior to transfer and therefore does not conflict with Paragraph 20 in any way. Indeed, Paragraph 20 is completely consistent with section 559.715 because it goes on to provide that written notice of a change in loan servicer "will be given" to the borrower and specify that the notice must include "the name and address of the new Loan Servicer, the address to which payments should be made[,]

and any other information RESPA [Real Estate Settlement Procedures Act, 12 USC §§ 2601-17] requires in connection with a notice of transfer of servicing."

Finally, the majority opines that the Brindises are not entitled to a notice under section 559.715 because they received a notice under Paragraph 22 of the mortgage. It is true that Paragraph 22 of the Brindises' mortgage provides how they would be notified of any default and the manner in which the lender could accelerate all payments due. But Paragraph 22 does not provide for a notice of the assignment of debt, which is the notice that section 559.715 requires. Because Paragraph 22 addresses a completely different notice than section 559.715, a sufficient Paragraph 22 notice cannot substitute for a sufficient notice under section 559.715.

For all of these reasons, I would hold that section 559.715 creates a condition precedent to a foreclosure suit and therefore I would reverse.