[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14366
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02435-WCO


IZELL REESE,
RAVEN REESE,

                                                Plaintiffs - Appellants,

versus

ELLIS, PAINTER, RATTERREE & ADAMS, LLP,

                                                Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 1, 2012)

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and FORRESTER,* District Judge.

_____

* Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

CARNES, Circuit Judge:

Izell and Raven Reese defaulted on a loan that they had secured by giving the lender a mortgage on their property. A law firm representing the lender sent the Reeses a letter and documents demanding payment of the debt and threatening to foreclose on the property if they did not pay it. The Reeses then filed a putative class action lawsuit against the law firm alleging that the communication violated the Federal Debt Collection Practices Act, 15 U.S.C. § 1692e. The district court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), finding that the law firm was not a "debt collector" under § 1692a(6) and that the letter and documents it sent were not covered by § 1692e. This is the Reeses' appeal.

I.

The Reeses currently live on a piece of property in Roswell, Georgia, that they purchased in 2004 with the help of a $650,000 loan from Provident Funding Associates, L.P.[1] To get that loan, the Reeses signed a promissory note and executed a security deed giving Provident a mortgage on their property. A few years later, the Reeses defaulted on the promissory note.

---

[1] Because this is an appeal from a Rule 12(b)(6) dismissal, we draw the facts from the allegations in the complaint, which we accept as true and construe in the light most favorable to the plaintiffs. See Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011).

2

On June 3, 2009, Provident's law firm, Ellis, Painter, Ratterree & Adams

LLP ("the Ellis law firm"), mailed the Reeses a collection or "dunning" notice,

which consisted of a cover letter and three documents.  The subject line of the

cover letter states:

> RE:  Note, dated July 23, 2004, in the principal amount of
> $650,000.00 from Izell Reese and Raven Reese to Provident
> Funding Associates, L.P.
>
> Security Deed, dated July 23, 2004, from Izell Reese and Raven
> Reese to Mortgage Electronic Registration Systems, Inc., as
> nominee for Provident Funding Associates, L.P., describing
> certain real property known as 4037 Thessa Cove, Roswell,
> Georgia.

The first paragraph of the letter describes Provident as the "Lender" and "current

holder of the above-referenced Note . . . and Security Deed," and explains that the

Ellis law firm represents Provident.  The letter continues:

> This letter is to advise you that your Note has been and is
> declared to be in default for non-payment and Lender hereby demands
> full and immediate payment of all amounts due and owing thereunder.
> This letter is also to advise you that [Provident] intends to
> enforce the provisions of the Note and Security Deed relative to
> payment of attorney's fees.  In accordance with Georgia law, you are
> hereby notified that unless you pay all amounts due and owing under
> the Note and Security Deed within ten (10) days of the date you
> receive this letter, reasonable attorney's fees will be added to the total
> amount for which collection is sought.
> Unless your loan is satisfied in accordance with this demand,
> the foreclosure sale of the above-referenced real property will be
> conducted . . . .

3

A partner of the Ellis law firm signed the letter.  Under the signature is a disclaimer in bold font that says:  "THIS LAW FIRM MAY BE ATTEMPTING TO COLLECT A DEBT ON BEHALF OF THE ABOVE-REFERENCED LENDER."

The first of the three documents attached to the letter is a "NOTICE OF SALE UNDER POWER," which states that Provident plans to sell the Reeses' property at a public auction on July 7, 2009.  The second document is entitled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT[,] 15 USC 1601 ET SEQ, AS AMENDED," which explains that the debt described in the cover letter would be presumed valid unless the Reeses disputed its validity within thirty days.  The third document explains that military service members have additional statutory rights to avoid foreclosure.  Printed in big, bold letters at the bottom of the second document is this warning:  "THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED BY US WILL BE USED FOR THAT PURPOSE."  (Emphasis added.)  The bottom of the third document contains a similar warning:  "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT."

A few months after receiving the dunning letter and documents, the Reeses filed in federal district court a complaint against the Ellis law firm for violations of

4

the FDCPA. The complaint alleges that the law firm is a "debt collector," that it "sought to collect debts" from the Reeses, and that its letter contains "false, deceptive[,] or misleading representation[s]" in violation of 15 U.S.C. § 1692e.[2] The Reeses filed the complaint and sought statutory damages on behalf of a proposed class consisting of the "more than five hundred" people who received similar letters and documents from the Ellis law firm. See 15 U.S.C. § 1692k(a)(2) (providing that plaintiffs may recover statutory damages from a debt collector for any violation of the FDCPA). They attached to the complaint the entire contents of the dunning notice (the cover letter and the three attached documents).

The Ellis law firm moved to dismiss the complaint for failure to state a claim, arguing that the firm is not subject to the requirements of § 1692e because it is not a "debt collector" and sending the letter and other documents did not amount to debt collection activity but instead was merely an attempt to enforce a client's security interest. A magistrate judge issued a report recommending granting that motion to dismiss, which the district court did.

## II.

We review de novo a district court's interpretation of a statute. United

---

[2] The complaint alleges that the Ellis law firm's letter made two misrepresentations of Georgia law. The first is the letter's statement that the owner of the real property after the foreclosure sale "will be entitled to immediate possession of the real property." The second is that any tenants on the property would also have to vacate the property after the sale.

5

States v. Dodge, 597 F.3d 1347, 1350 (11th Cir. 2010) (en banc).  We also review

de novo the grant of a motion to dismiss under Rule 12(b)(6), "accepting the

allegations in the complaint as true and construing them in the light most favorable

to the plaintiff."  Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir.

2009).  A complaint must state a facially plausible claim for relief, and "'[a] claim

has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'"  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010)

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)).

Because the Ellis law firm's dunning letter and enclosed documents were attached

to the Reeses' complaint as an exhibit, we treat them as part of the complaint for

Rule 12(b)(6) purposes.  See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116

F.3d 1364, 1369 (11th Cir. 1997).

## A.

We begin our analysis by highlighting the difference between a promissory

note and a security interest.  A promissory note is a contract evidencing a debt and

specifying terms under which one party will pay money to another.  See Black's

Law Dictionary 1089 (8th ed. 2004) (defining "promissory note" as an

"unconditional written promise, signed by the maker, to pay absolutely and in any

6

event a certain sum of money either to, or to the order of, the bearer or a designated person"); see also Ga. Code Ann. § 11-9-102(a)(64) ("'Promissory note' means an instrument that evidences a promise to pay a monetary obligation . . . ."). By contrast, a security interest is not a promise to pay a debt; it is an interest in some collateral that a lender can take if a debtor does not fulfill a payment obligation. See Black's Law Dictionary 1384 (8th ed. 2004) (defining a "security" as "[c]ollateral given or pledged to guarantee the fulfillment of an obligation"). A mortgage is a type of security interest with real property as the collateral. See Black's Law Dictionary 1031 (8th ed. 2004); see also Ga. Code Ann. § 44-14-30 ("A mortgage in this state is only security for a debt and passes no title.").

This case involves both a promissory note and a security interest. The Ellis law firm's letter to the Reeses states that the Reeses had granted to Provident a "Note" for $650,000 (a promissory note) and had given Provident a "Security Deed" in their real property (a mortgage). Under that promissory note and security deed, Provident was entitled to foreclose on the Reeses' property if they defaulted on the promissory note.

B.

With the distinction between a promissory note and a security interest in mind, we turn to the question of whether the Reeses' complaint states a plausible

7

claim for relief. The FDCPA prohibits a "debt collector" from using a "false,

deceptive, or misleading representation or means in connection with the collection

of any debt." 15 U.S.C. § 1692e. That means in order to state a plausible FDCPA

claim under § 1692e, a plaintiff must allege, among other things, (1) that the

defendant is a "debt collector" and (2) that the challenged conduct is related to debt

collection.

The analysis is clearer if we start with the second element and evaluate

whether the Reeses' complaint sufficiently alleges that the Ellis law firm's letter

and enclosures are an attempt to collect a "debt" within the meaning of the

FDCPA. That evaluation involves a question of statutory interpretation and

"begins where all such inquiries must begin: with the language of the statute

itself." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026,

1030 (1989). The FDCPA broadly defines the word "debt":

> The term "debt" means any obligation or alleged obligation of a
> consumer to pay money arising out of a transaction in which the
> money, property, insurance, or services which are the subject of the
> transaction are primarily for personal, family, or household purposes,
> whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

That definition clearly encompasses the Reeses' payment obligations under

the promissory note at issue in this case. Under that promissory note, the Reeses

8

are consumers who must pay money to Provident, and their obligation to do so arose from a transaction involving property that is primarily for the Reeses' personal, family, or household purposes (they live on the property). The promissory note is a "debt" within the plain language of § 1692a(5). See Lublin Bourff v. Rubin Lublin, LLC, — F.3d —, No. 10-14618, 2012 WL 971800, at *2 (11th Cir. Mar. 15, 2012) (treating a letter requesting payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of the FDCPA); see also Kojetin v. C U Recovery, Inc., 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam) (treating a promissory note signed in connection with a car loan as a debt within the meaning of the FDCPA); cf. Ga. Code Ann. § 13-1-11 (stating that a "note" is "evidence of indebtedness").

The fact that the Reeses' obligation to pay off the promissory note is a "debt" for FDCPA purposes does not end the inquiry. The next question is whether the Ellis law firm's letter and enclosed documents are an attempt to "collect" that debt. They are. The letter, which was attached to the complaint, states that the "Lender hereby demands full and immediate payment of all amounts due." (Emphasis added.) It also threatens that "unless you pay all amounts due and owing under the Note," attorney's fees "will be added to the total amount for which collection is sought." (Emphasis added.) Not only that, but one of the three

9

documents enclosed with the letter specifically states that the law firm "IS ATTEMPTING TO COLLECT A DEBT," and another states "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT." In light of all that language stating that the law firm is attempting to collect a debt, the complaint sufficiently alleges that the notice is a communication related to "the collection of [a] debt" within the meaning of § 1692e.

Trying to avoid the unavoidable meaning of its statements, the Ellis law firm argues that the letter and documents are not debt-collection activity because the purpose was simply to inform the Reeses that Provident intended to enforce its security deed through the process of non-judicial foreclosure. See Ga. Code Ann. § 44-14-162.2 (requiring a party initiating a non-judicial foreclosure to notify the debtor "no later than 30 days before the date of the proposed foreclosure"). In other words, we should ignore the language in the letter and documents that demands payment on the promissory note in favor of what the firm says was the purpose (of the firm or of the letter and documents it sent, or both). If we will do that, the firm argues, we will see that the letter and documents were not an attempt to collect a debt within the meaning of § 1692e but merely an attempt to enforce a security interest.

That argument wrongly assumes that a communication cannot have dual

purposes. Even if the Ellis law firm intended the letter and documents to give notice of the foreclosure to the Reeses, they also could have—and did—demand payment on the underlying debt. Georgia law does not require a demand for payment of the debt to be included in a notice of foreclosure, but the law firm included one anyway. See Ga. Code Ann. § 44-14-162.2 (listing what must be included in a notice of foreclosure). The fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e.

The rule the Ellis law firm asks us to adopt would exempt from the provisions of § 1692e any communication that attempts to enforce a security interest regardless of whether it also attempts to collect the underlying debt. That rule would create a loophole in the FDCPA. A big one. In every case involving a secured debt, the proposed rule would allow the party demanding payment on the underlying debt to dodge the dictates of § 1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the

11

enforcement of a security interest.  A "debt" is still a "debt" even if it is secured.

See, e.g., Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 386 (7th Cir. 2010)

(holding that a letter threatening foreclosure while also offering to discuss

"foreclosure alternatives" qualified as a communication related to debt collection

activity within the meaning of § 1692e); Wilson v. Draper & Goldberg, P.L.L.C.,

443 F.3d 373, 376 (4th Cir. 2006) ("[The] 'debt' remained a 'debt' even after

foreclosure proceedings commenced."); Piper v. Portnoff Law Assocs., Ltd., 396

F.3d 227, 234 (3d Cir. 2005) (holding that a collection letter's threat to execute a

lien if payment is not made on a debt "does not change [the law firm's]

communications to the [debtors] into something other than an effort to collect that

debt"); Romea v. Heiberger & Assocs., 163 F.3d 111, 117 (2d Cir. 1998) (holding

that a notice sent in connection with eviction proceedings was a communication

related to debt collection because the notice aimed "at least in part to induce [the

debtor] to pay the back rent she allegedly owed").[3]

## C.

We now turn to whether the complaint plausibly alleges that the Ellis law

---

[3] Because we hold that the Ellis law firm's demand for payment on the promissory note was debt-collection activity within the meaning of the FDCPA, we do not reach the question of whether enforcing a security interest is itself debt-collection activity covered by the statute.  That is, we do not decide whether a party enforcing a security interest without demanding payment on the underlying debt is attempting to collect a debt within the meaning of § 1692e.

firm is a "debt collector" within the meaning of the FDCPA.  A "debt collector" is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, <u>or</u> who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added).  So a party can qualify as a "debt collector" by either using an "instrumentality of interstate commerce or the mails" in operating a business that has the principal purpose of collecting debts or by "regularly" attempting to collect debts.

The complaint contains enough factual content to allow a reasonable inference that the Ellis law firm is a "debt collector" because it regularly attempts to collect debts.  The complaint alleges that the law firm is "engaged in the business of collecting debts owed to others incurred for personal, family[,] or household purposes."  It also alleges that in the year before the complaint was filed the firm had sent to more than 500 people "dunning notice[s]" containing "the same or substantially similar language" to that found in the letter and documents attached to the complaint in this case.  That's enough to constitute regular debt collection within the meaning of § 1692a(6).

The district court dismissed the complaint because it concluded that the Reeses' allegations were insufficient to state that the Ellis law firm was a "debt collector" and insufficient to state that the letter and documents were sent to the

13

Reeses "in connection with the collection of [a] debt" within the meaning of §

1692e.  For the reasons we have discussed, we disagree.

The judgment of the district court is **REVERSED**, and the case is

**REMANDED** for further proceedings consistent with this opinion.