[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15214
Non-Argument Calendar
_____

D. C. Docket No. 0:11-cv-60488-WPD

EUGENIA G. HASBUN,

Plaintiff-Appellant,

versus

RECONTRUST COMPANY, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

In May 2007, Eugenia Hasbun executed a promissory note for $52,100 and deed of trust in favor of Bank of America for the purchase of a vacant lot ("property") in Smithville, Tennessee.   She defaulted in her payments, declared bankruptcy, and after receiving a Chapter 7 bankruptcy discharge in November 2009, Bank of America appointed Recontrust Company ("RC") as substitute trustee.

On March 11, 2010, RC sent Hasbun a foreclosure letter, entitled "Notice of Acceleration and Foreclosure," which notified her that her promissory note was in default, that RC had been asked to institute foreclosure proceedings against the property, and that the notice was not intended as a demand for the balance due on the promissory note when she defaulted payment.   Based on her receipt of this letter, Hasbun brought this lawsuit seeking damages against RC for its alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § § 1692(e), 1692(f)(1).   RC moved to dismiss Hasbun's complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).    The court granted its motion.   After her first and second amended complaints failed to state a claim, the court dismissed her case with prejudice.   Hasbun appeals the dismissal.   We affirm.

The FDCPA expressly excludes from the term "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary

2

obligation or a bona fide escrow arrangement."   15 U.S.C. § 1692(a)(F).   In short, creditors and their fiduciaries are not "debt collectors" subject to the Act.   The District Court properly dismissed Hasbun's second amended complaint for two reasons.   First, RC, as fiduciary of the creditor to whom the debt was owed, was not a debt collector under the Act.   And second, the March 11, 2011 letter explicitly informed Hasbun that RC was not demanding payment of a debt; instead, it was notifying her that the property was being foreclosed.

AFFIRMED.[1]

---

1   We stayed brief in this appeal at Hasbun's request pending the issuance of our mandate in *Reese v. Ellis, Painter, Ratterbee & Adams, LLP,* 678 F.3d 1211 (11th Cir. 2012).   *Reese* is, as it turns out, inapposite.