**Carlos DE ARMAS, Plaintiff,**

v.

**FINANCIAL CORPORATION OF AMERICA, Defendant.**

**Case No. 13–23747–CIV.**

United States District Court, S.D. Florida, Miami Division.

Signed Sept. 30, 2014.

Leo Bueno, Leo Bueno, Attorney, P.A., Coral Gables, FL, for Plaintiff.

Benjamin W. Raslavich, Dale Thomas Golden, Golden Scaz Gagain, PLLC, Tampa, FL, for Defendant.

### ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

JOSE H. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (D.E. No. 6). Plaintiff has filed a response (D.E. No. 19) and Defendant has filed a reply (D.E. No. 20). After careful consideration and for the reasons set forth below, the Court grants in part Defendant's motion to dismiss.

### Background

On or about September 28, 2012, Plaintiff received an initial debt collection letter (the "Letter") from Defendant pursuing an unpaid medical expense regarding treatment Plaintiff received at Kendall Regional Medical Center. (D.E. No. 1–4 at 5). The Letter provides, in pertinent part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from current creditor.

\* \* \* Contact our office at one of the phone numbers listed above.\* \* \*

Si necesita ayuda para traducir o leer esta notificacion, por favor liamenos inmediatamente para asistirlo en espanol.

*Id.*

Plaintiff filed a complaint alleging that (a) Defendant violated § 1692g of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* by failing to provide, in Spanish, notice to Plaintiff of his debt verification rights (Count I); and (b) Defendant violated § 1692g(b) of the FDCPA, because the Spanish text contained in the Letter, as well as the text contained between the asterisks, overshadowed the debt validation notice required by § 1692g(a) (Count II). *Id.*

### Motion to Dismiss Standard

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000) (quoting *Lopez v. First Union Nat'l Bank of Fla.,* 129 F.3d 1186, 1189 (11th Cir.1997)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, a plaintiff is not required to make detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964–65. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S.Ct. at 1965.

### FDCPA Violation: Failing to Provide Rights Notice in Spanish

██ Defendant argues that Count I of Plaintiff's complaint should be dismissed because § 1692g(a) is plainly written and the statute does not contain a requirement that validation notices be provided in Spanish, and therefore, Defendant complied with the validation notice requirements. (D.E. No. 6 at 5). This statute provides as follows:

(a) Notice of Debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

Defendant argues that when interpreting the FDCPA, the place to begin is with the statutory language itself. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1216 (11th Cir.2012). Defendant notes that if the statutory language at issue is plain, then the Court must enforce it as written, giving due regard to all its words and parts. *See Warshauer v. Solis,* 577 F.3d 1330, 1335 (11th Cir.2009). Defendant asserts that the Court is not free to ignore words or to impart on it a meaning not there appearing. *See Albritton v. Cagle's, Inc.,* 508 F.3d 1012, 1017 (11th Cir.2007). Defendant states that the Letter provides the information required by § 1692g. Plaintiff concedes that, absent the inclusion of the language in Spanish, the Letter meets the requirements of § 1692g. *See* D.E. No. 19 at 6.

Plaintiff responds that because Defendant chose to communicate with Plaintiff also in Spanish in the Letter, the notice would only be sufficient if the required notifications were in Spanish. (D.E. No. 19 at 6) (citing *Ehrich v. I.C. Sys., Inc.,* 681 F.Supp.2d 265 (E.D.N.Y.2010)). Defendant responds that this case is distinguishable from *Ehrich,* because the Letter in this case does not expressly invite Spanish speakers to call Defendant with questions about their account in the text of the same paragraph furnishing the required FDCPA notice. *See Molina v. Healthcare Revenue Recovery Grp., LLC,* 2012 WL 3067883, at *3 (M.D.Fla. July 27, 2012). Moreover, Defendant argues that the Letter does not refer in Spanish to the consumer's account, account number, or debt. *Id.* The Court agrees with Defendant that this case is distinguishable from *Ehrich*

and finds that Plaintiff fails to state a claim in Count I.

### *FDCPA Violation; Overshadowing*

■ With respect to Count II, Defendant argues that the inclusion of an accommodation for Spanish speakers in an otherwise valid collection letter does not overshadow the § 1692g notice. *See Molina v. Healthcare Revenue Recovery Grp., LLC,* 2012 WL 3067883 (M.D.Fla. July 27, 2012). Moreover, Defendant asserts that nothing in the Spanish sentence contradicted or otherwise encouraged Plaintiff to disregard the § 1692g notice. The Court agrees with Defendant and finds that the Spanish language does not overshadow the § 1692g notice.

Defendant argues that the following language from the Letter does not overshadow the notice of Plaintiff's right to dispute and obtain verification of debt: " * * *Contact our office at one of the phone numbers listed above.* * * " (D.E. No. 6 at 7–8). Plaintiff responds that Defendant's selective emphasis on calling, as opposed to writing, violates the FDCPA, because a debtor must convey his dispute in writing, as opposed to a telephone call, which will not suffice. (D.E. No. 19 at 10) (citing *Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142 (3d Cir. 2013)).

Defendant argues that *Caprio* is distinguishable, because the Letter in this case (a) does not instruct the Plaintiff to call the Defendant to dispute his debt, but merely states "[c]ontact our office at one of the telephone numbers listed above;" (b) the request to communicate, unlike in *Caprio,* is not in bold, nor is Defendant's telephone number in larger font than the Defendant's mailing address; and (c) the required validation notice is on the front side of the Letter, precedes the request for communication, and is the first substantive text of the Letter following the salutation.

The Court agrees with Defendant that this case is distinguishable from *Caprio* and the text contained between the asterisks does not overshadow the § 1692g notice. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss (D.E. No. 6) is **GRANTED in part** as set forth herein.

2. Plaintiff's complaint (D.E. No. 1–4) is **DISMISSED without prejudice.**

3. Given Plaintiff's reliance on violations of 15 U.S.C. § 1692e in his response to the motion to dismiss,[1] the Court will permit Plaintiff leave to amend to allege violations of such statute. Plaintiff may have until *October 30, 2014* to file an amended complaint.

4. This case is **CLOSED,** and all pending motions in this case are **DENIED AS MOOT.** The Court will reopen this case if Plaintiff files a timely amended complaint.

---

1. Defendant notes in its reply that Plaintiff's response asserts violations of 15 U.S.C. § 1692e, however, the complaint does not advance any claims under this particular statute. Plaintiffs claims are based on violations of 15 U.S.C. § 1692g and 15 U.S.C. § 1692g(b).