16-3685-cv
*Hill v. DLJ Mortg. Capital, Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:     José A. Cabranes,
                    Debra Ann Livingston,
                              *Circuit Judges*,
                    William H. Pauley III,
                              *District Judge.*[*]

---

Tonya Hill,

                    *Plaintiff-Appellant*,                                   16-3685-cv

                    v.

DLJ Mortgage Capital, Inc., Doonan, Graves
and Longoria, LLC, and Selene Finance LP,

                    *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Steven Bruce Rabitz, Massapequa, NY.

**FOR DEFENDANTS-APPELLEES:**          Brian Scott McGrath, McGlinchey
                                                            Stafford, PLLC, New York, NY, *for*

---

     [*] Judge William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees DLJ Mortgage Capital, Inc., and Selene Finance LP.*

Reneau J. Longoria, Doonan, Graves and Longoria, LLC, Beverly, MA, *for Doonan, Graves and Longoria, LLC.*

Appeal from a September 30, 2016 order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Tonya Hill appeals from a September 30, 2016 order dismissing her claims against defendants-appellees DLJ Mortgage Capital, Inc. ("DLJ"), Selene Finance LP ("Selene"), and Doonan, Graves and Longoria, LLC ("Doonan"). Hill alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; and § 349 of the New York General Business Law ("GBL"). Hill's claims arise from her promissory note (the "Note") in the amount of $379,200, and the mortgage on real property that she and her husband executed and delivered as security for the Note. Hill alleged that the defendants improperly sought to collect on her defaulted Note.[1] On September 30, 2016, the District Court dismissed Hill's FDCPA and RESPA claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and declined to exercise jurisdiction over Hill's GBL claim. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

We review *de novo* a dismissal of a complaint under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] DLJ is the assignee of Hill's Note and mortgage. Selene is the servicer of the mortgage. Hill alleges that Doonan communicated with her on behalf of DLJ and Selene.

## A. FDCPA Claims

Hill first contends that the District Court erred in dismissing her FDCPA claims. We disagree. Hill's FDCPA claims are premised on monthly statements sent to her by Selene regarding the total amount owing under her Note. As the District Court explained, Selene sent these statements in compliance with the Truth in Lending Act, 15 U.S.C. § 1638(f), as implemented by 12 C.F.R. § 1026.41, which requires mortgage loan servicers to transmit monthly statements to consumers. With this in mind, the monthly statements here do not reflect attempts to collect on the debt evidenced by the Note. Hill thus fails to state a plausible claim for relief under the FDCPA.[2]

Hill's reliance on *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), is unavailing. The statements sent by the defendant law firm in *Reese* stated that "collection is sought," that the firm was a "debt collector attempting to collect on a debt," and demanded "full and immediate payment of all amounts due." *Id.* at 1217 (internal quotation marks omitted). None of the statements at issue in this case contain any similar debt-demand language.

## B. RESPA Claim

Hill next argues that the District Court erred in dismissing her RESPA claim. Hill alleged that the defendants, when purchasing force-placed insurance on her property, did not provide her with any of the information or requests required by RESPA's Regulation X, 12 C.F.R. § 1024.37(c), and charged her account for the insurance in violation of 12 C.F.R. § 1024.37(h). "Force-placed insurance," as defined by RESPA, is "hazard insurance coverage obtained by a servicer of a federally related mortgage when the borrower has failed to maintain or renew hazard insurance on such property as required of the borrower under the terms of the mortgage." 12 U.S.C. § 2605(k)(2). We agree with the District Court that the allegations of Hill's complaint, all conclusory in nature, failed to state a plausible claim for relief under RESPA. Among other things, the RESPA allegations do not specify that Hill's mortgage was "federally related."

Hill also asserts that the District Court should have granted her leave to amend her complaint to assert a specified damages amount for her RESPA claim. "We review a district court's denial of leave to amend for abuse of discretion." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). Hill, however, never sought leave to replead her Amended Complaint from the District Court. "We have described the contention that the District Court abused its discretion in not permitting an amendment that was never requested as frivolous." *Williams v. Citigroup Inc.*, 659

---

[2] The District Court also held that the defendants' attempts to enforce their security interest in Hill's property through foreclosure proceedings were not an attempt to collect on a "debt" as defined by the FDCPA. We do not reach that issue here.

F.3d 208, 212 (2d Cir. 2011) (internal quotation marks omitted). We thus see no abuse of discretion in the District Court's failure to grant leave to replead *sua sponte*.

## C. State-Law Claim

Hill does not address her GBL claim on appeal, and accordingly has waived that claim. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived . . . ."). Even so, because the District Court correctly dismissed all of Hill's federal claims, it was entitled to decline to exercise supplemental jurisdiction over her state-law claims. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

We have reviewed all of the arguments raised by Hill on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 30, 2016 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4