[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13698
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-01280-RBD-GJK

JAMES F. LAPINSKI,
PATRICIA LAPINSKI,

Plaintiffs-Appellants,

versus

ANDREW LEECH,
PAMELA DECORAH,
SANDRA C. UPCHURCH,
CENTERSTATE BANK OF FLORIDA, N.A.,
STEVE MESSINGER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 5, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, James Francis Lapinski and Patricia Lapinski appeal the District Court's dismissal of their case against numerous defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and several other federal statutes.  The Court dismissed the Lapinskis' third amended complaint, without leave to amend, as barred by the *Rooker-Feldman*[1] doctrine and, in the alternative, for failure to state a claim.  On appeal, the Lapinskis argue that the Court erred in both respects: first, the *Rooker-Feldman* doctrine does not apply to their RICO or FDCPA claims, which were not asserted in their prior state court action; second, their pleadings include adequate factual support to state their claims.  We affirm the District Court's decision on its latter ground and therefore need not address its *Rooker-Feldman* determination.

We generally review *de novo* the *sua sponte* dismissal of an action for failure to state a claim.  *Roberts v. Gordy*, 877 F.3d 1024, 1026 (11th Cir. 2017).[2] An abuse-of-discretion standard applies to a district court's denial of leave to

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

[2] Although there might be instances where *de novo* review of a district court's *sua sponte* dismissal of a complaint for failure to state a claim is improper, *see Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (discussing such instances), *de novo* review is proper in this case.

amend.  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).

Although we liberally construe briefs filed by *pro se* litigants, issues not briefed on

appeal by a *pro se* litigant are deemed abandoned.  *Timson v. Sampson*, 518 F.3d

870, 874 (11th Cir. 2008).

To satisfy the pleading standard, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Bare recitals

of the elements of a cause of action, supported by mere conclusory statements, do

not suffice.  *Id.*  Rather, factual allegations must raise a right to relief above the

speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955,

1965 (2007).

After careful review, we, like the District Court, cannot make out an

adequately pleaded claim for relief from the Lapinskis' operative complaint, which

is fraught with legal conclusions and devoid of nonspeculative factual allegations.

Further, although the complaint mentions in passing several federal statutes which

Appellees allegedly violated, it appears to center on FDCPA and civil RICO

claims.  Indeed, the Lapinskis' appellate brief mentions only these two statutes.

Their complaint, however, fails to allege facts necessary to state a claim under

either statute.  As to the Lapinskis' RICO claim, they fail to allege or give facts

supporting, among other elements, the existence of an "enterprise" or at least two

3

requisite "racketeering" activities.  *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016).  And as to their FDCPA claim, they do not plead facts showing that any Appellee is a "debt collector" within the meaning of the statute, an element necessary to such a claim.  *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); 15 U.S.C. § 1692a(6).  The District Court did not err in dismissing the Lapinskis' third amended complaint, without leave to amend,[3] for failure to state a claim.

**AFFIRMED.**

---

[3] *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that a district court need not allow an amendment where there has been a repeated failure to cure deficiencies by amendments previously allowed).