[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10983
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-02065-MHC; 1:16-bkc-67309-WLH

In Re: ANGELA YVONNE HOLYFIELD,

                                                  Debtor.
_____

ANGELA YVONNE HOLYFIELD,

                                                  Plaintiff - Appellant,

versus

ALDRIDGE PITE, LLP,

                                                  Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 30, 2018)

Before MARCUS, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Angela Yvonne Holyfield brought a complaint in bankruptcy court alleging that Aldridge Pite, LLP ("Aldridge Pite") had violated the Fair Debt Collection Practices Act ("FDCPA") with a letter regarding a proposed foreclosure. The bankruptcy court dismissed for failure to state a claim. Holyfield now appeals the district court's order affirming the bankruptcy court's dismissal. Because the communication to Holyfield was not misleading within the meaning of the FDCPA, we affirm.

## I.

In August 2016, Aldridge Pite sent a letter to "Estate/Heirs of Doris Rhodes," Holyfield's deceased mother. The letter gave notice of the proposed foreclosure of a property in connection with a mortgage and accompanying promissory note taken out by Rhodes. That letter had the subject line "NOTICE OF PENDING FORECLOSURE SALE." On the bottom of each page, it provided the following disclaimer in bold print: "PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Among other things, the letter explained that if the debt had been discharged in bankruptcy, the "action taken would be limited to the foreclosure . . . and would not be an attempt to collect the debt personally." It also stated that "[i]f you did not sign the associated Note, we are not seeking to collect the debt from you."

In January 2017, Holyfield filed a complaint in the United States Bankruptcy Court for the Northern District of Georgia, alleging that the letter violated the FDCPA. Holyfield said that the letter "represented that if there had been no [bankruptcy] discharge, then [Aldridge Pite] would attempt to collect the debt personally." Holyfield also alleged that the letter "suggested incorrectly that [Aldridge Pite] was not a debt collector."

The bankruptcy court granted Aldridge Pite's motion to dismiss the complaint for failure to state a claim. It assumed, without deciding, that Aldridge Pite was a debt collector and the letter was debt collection activity. The bankruptcy court said the only "specific allegation" in Holyfield's complaint was that the letter suggested Aldridge Pite was not a debt collector, but that the failure to affirmatively identify itself as a debt collector did not violate the FDCPA. The bankruptcy court explained that a consumer would not be confused "as to the status of the debt collector when a notice states clearly that it is an attempt to collect a debt." The letter's bold notice that the letter concerned debt collection was enough to indicate that "it was sent from a debt collector." On appeal from the bankruptcy court, the United States District Court for the Northern District of Georgia affirmed. The district court agreed that, assuming the letter was debt collection activity and that Aldridge Pite was a debt collector within the meaning of the FDCPA, Aldridge Pite "sufficiently identified itself as a debt collector."

3

II.

On appeal, we review de novo a dismissal for failure to state a claim. See, e.g., Smith v. United States, 873 F.3d 1348, 1351 (11th Cir. 2017). In determining whether the complaint has made out a cause of action, "we accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor." Id. To survive a motion to dismiss, a pleading must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

III.

The FDCPA prohibits various unfair practices related to debt collection activities. Among other things, the statute prohibits a "debt collector" from making "any false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e.

For starters, the letter from Aldridge Pite to Holyfield qualifies as a communication "in connection with the collection of [a] debt" for purposes of the FDCPA, and the complaint plausibly alleged that Aldridge Pite is a debt collector. The communication is functionally indistinguishable from the communication we found to be within § 1692e in Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012). There, a law firm sent a "dunning" notice related to a mortgage and promissory note. Id. at 1214. Our Court determined that the notice was sent in connection with debt collection because, among other things, it

4

sought "full and immediate payment of all amounts due" under the loan. Id. at 1217. Here, the letter from Aldridge Pite gives notification that the debt "has been declared, and is now, immediately due and payable in full" and gives "ten (10) days from your receipt of this letter to pay in full the debt owed without having to pay reasonable attorney fees." Under Reese, this is a communication made in connection with debt collection.

An entity is considered a "debt collector" within the meaning of the FDCPA if it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Reese determined that the complaint there said enough to plausibly allege that a law firm was acting as a "debt collector." Reese, 678 F.3d at 1218. The Reese complaint alleged that the law firm sending a dunning notice was "engaged in the business of collecting debts owed to others incurred for personal, family[,] or household purposes" and had sent over 500 similar notices. Id. Here, Holyfield's complaint alleged that Aldridge Pite represents loan servicers and lenders in foreclosures and has "appeared on the docket . . . in a significant number of foreclosure cases" in area courts. As in Reese, Holyfield's complaint plausibly alleged that Aldridge Pite was a debt collector for FDCPA purposes.

IV.

We next consider whether the complaint plausibly alleged that the letter was misleading within the meaning of the FDCPA. "When evaluating a communication under § 1692e, we ask whether the 'least sophisticated consumer' would be deceived or misled by the communication at issue." Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016). We have explained:

> The "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010) (internal quotations omitted).

The bankruptcy court and district court found and considered only one misleading representation alleged in Holyfield's complaint. However, we interpret Holyfield's complaint to allege two types of impermissible misleading communications. First, the complaint said that Aldridge Pite "suggested incorrectly that [it] was not a debt collector." Second, the complaint alleged that the letter "represented that if there had been no [bankruptcy] discharge, then [Aldridge Pite] would attempt to collect the debt personally." We consider these allegedly misleading representations each in turn.

6

A.

Among the specifically enumerated violations of § 1692e, the FDCPA provides that it is misleading for a debt collector to communicate with a consumer without revealing that it is a debt collector.  15 U.S.C. § 1692e(11) (providing that "the failure to disclose . . . that the communication is from a debt collector" is a violation of § 1692e); Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1351 (11th Cir. 2009) ("The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector.").[1]

We determine that the least sophisticated consumer, who would be willing to read the letter with some degree of care, would find more than sufficient information contained in the letter to disclose that Aldridge Pite is a debt collector. For one, the letter, in large bold type at the bottom of each page, explained that "THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT." The letter also explained that Aldridge Pite was a law firm "retained by" the loan servicer "in connection with the above referenced loan."  In light of this language,

---

[1] Section 1692e also requires that, in an initial communication with a consumer, the debt collector disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).  In this Court, Holyfield claims that the letter was misleading "because the letter is an attempt to collect a debt" and that Aldridge Pite had to disclose that it "is collecting a debt" -- rather than the letter's statement that it "may constitute an attempt to collect a debt."  However, Holyfield's complaint failed to allege that the letter was an initial communication for FDCPA purposes, and the complaint only took issue with Aldridge Pite's alleged failure to disclose its status as a debt collector.  Accordingly, we only evaluate the alleged failure to disclose that Aldridge Pite was a debt collector.

we conclude that -- even though the letter in question never affirmatively stated, in as many words, that Aldridge Pite was a "debt collector" -- the least sophisticated consumer would understand that Aldridge Pite was acting in that role.

As the bankruptcy court and district court did, we determine that the letter did not fail to disclose that Aldridge Pite was a debt collector.

### B.

Holyfield also says that Aldrige Pite violated the FDCPA's general prohibition on misleading statements in connection with debt collection. The complaint said that the letter represented "that if there had been no [bankruptcy] discharge, then [Aldridge Pite] would attempt to collect the debt personally." The complaint continues that Aldridge Pite made this representation "by stating [in the letter] 'In the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan. In [such] event, any action taken would be limited to the foreclosure on the above-referenced property and would not be an attempt to collect the debt personally.[']" If we understand the argument correctly, Holyfield says that she is not personally liable on her mother's debt, but she believes the letter makes it sound as though she will be held personally liable.

We cannot agree that the letter gives the impression that Holyfield will be held personally liable, even to the least sophisticated consumer. First, the idea that

8

there will be no personal liability if the debt has been discharged in bankruptcy gives no indication that the opposite is true -- that there will necessarily be personal liability in the absence of a discharge.  What is more, Aldrige Pite's letter explains that Holyfield is not personally liable.  The letter says: "If you did not sign the associated Note, we are not seeking to collect the debt from you.  As such, our action is strictly limited to a possible foreclosure of the above-referenced property."  The statement that no personal collection will be sought from an individual who did not sign the promissory note is in no way inconsistent with the idea that no one will be held personally liable if the debt has been discharged in bankruptcy.

In sum, because Holyfield's complaint did not plausibly allege a violation of the FDCPA, it was properly dismissed.[2]

**AFFIRMED.**

---

[2]    Nevertheless, we hold that Appellee's pending Motion for Rule 38 Sanctions is hereby DENIED.