[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10831
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-03832-AT

EDGINA HENDRIX-SMITH,

Plaintiff – Appellant,

versus

JP MORGAN CHASE BANK N.A.,
BANK OF AMERICA, N.A.,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 7, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Edgina Hendrix-Smith, proceeding *pro se*, appeals the district court's dismissal without prejudice of her complaint against JPMorgan Chase Bank and Bank of America.[1]  Hendrix-Smith's action stems from the foreclosure sale of her home.  In her complaint, she asserts the following claims: a claim that her mortgage was fraudulently assigned, a claim under the Fair Credit Reporting Act ("FCRA"), a claim under the Fair Debt Collection Practices Act ("FDCPA"), and a general fraud claim.  Because she fails to state viable claims as to any of these claims, we affirm the district court's dismissal of her complaint.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

In May 2004, Hendrix-Smith obtained a mortgage loan to finance the purchase of her home from Sun America.  A security deed was executed as to the property and recorded in the property records of Gwinnett County, Georgia.  In 2008, the mortgage, along with the security deed, was assigned to Bank of America.

---

[1] While it appears that Hendrix-Smith also appeals the district court's denial of her motion for a temporary restraining order and injunction and of her motion to compel discovery, we conclude that she has abandoned any challenge to these rulings by failing to raise the issues or any arguments related to them in her opening brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[2] Because the procedural posture of this case involves a Rule 12(b)(6) motion, we must accept the allegations of plaintiff's amended complaint as true. *See Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc).  The facts set forth in this section of the opinion therefore are taken from the complaint, which at this procedural stage we must accept as true and construe in the light most favorable to the plaintiff.

Then, in January 2019, the deed for transferred to Chase Bank, who recorded it with Gwinnett County.

Hendrix-Smith then defaulted on the loan. After the default, on or about June 27, 2019, she received notice of a foreclosure sale of her home. Presently, Bank of America is the listed secured creditor of the mortgage loan, and Chase Bank is the servicer of the loan. Claiming that Chase Bank and Bank of America created fraudulent documents and engaged in deceptive practices to obtain her home, Hendrix-Smith filed the present action shortly thereafter alleging that the foreclosure was unlawful and raising various claims related to it. With her complaint, she also filed a motion for a temporary restraining order, preliminary injunction, and permanent injunction seeking to stop the foreclosure sale of her home.

Chase Bank and Bank of America jointly filed a motion to dismiss the complaint for failing to state a viable claim. On January 30, 2020, the district court granted the motion to dismiss, dismissed the case without prejudice, and denied Hendrix-Smith's motion for a temporary restraining order and injunction. This timely appeal ensued.

II.    **STANDARD OF REVIEW**

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The complaint is viewed in the light most favorable to the plaintiff, and all of the plaintiff's well-

3

pleaded facts are accepted as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). But conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Because Hendrix-Smith is proceeding *pro se*, we note that, although we liberally construe a *pro se* litigant's filings, we will not rewrite them to sustain an action. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). All litigants, even those proceeding *pro se*, must comply with our procedural rules. *Id.*

## III.   ANALYSIS

Liberally construing her brief, Hendrix-Smith argues that the district court erred in dismissing her complaint because her factual allegations were sufficient to maintain a fraudulent assignment claim, a general fraud claim, a FCRA claim, and a FDCPA claim. We address each claim in turn.

### A.     The Fraud Claims

First, as to her fraud claims, she alleges generally that the assignment of her mortgage loan was fraudulent and that Appellees falsely published that they were her lender. Georgia law authorizes the transfer of deeds to secure debt, O.C.G.A. § 44-14-64, and requires that an assignment "be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located," O.C.G.A. § 44-14-162(b). "The assignment of a security deed is a contract

between the deed holder and the assignee," and general contract law governs disputes over such an assignment. *See Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016). But a lawsuit related to the validity of a contract "may be brought only by a party to the contract or an intended third-party beneficiary of the contract." *Id.* And a debtor typically cannot dispute an assignment because the debtor "is not a third-party beneficiary of the assignment *as a whole* and particularly is not intended to directly benefit from the transfer of the power of sale." *Id.*

Here, the district court correctly determined that Hendrix-Smith, as a debtor, was not a third-party beneficiary of the mortgage loan assignment and therefore lacked standing to challenge the assignment. As such, she does not have a viable fraudulent assignment claim against either Chase Bank or Bank of America.

Hendrix-Smith's other general claims of fraudulent activity by Chase Bank and Bank of America likewise fail. The bare allegations in her complaint that they engaged in some form of fraud or trickery in order to steal her home are too conclusory to state a valid claim. Her complaint falls far short of stating with sufficient particularity the circumstances constituting any fraud. *See* Fed. R. Civ. P. 9(b); *see also United States ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012). We therefore affirm the dismissal of the fraudulent assignment and general fraud claims.

5

**B.    The FCRA**

Hendrix-Smith next alleges that after she initiated a dispute with a credit agency, Bank of America did not file the debt's record with them despite claiming to be her lender, thus violating the FCRA.  The FCRA governs claims related to the submission of incorrect information regarding consumers by furnishers to credit reporting agencies.  *See* 15 U.S.C. §§ 1681a(c), (f), 1681s-2(a).  The FCRA provides a private right of action where furnishers fail to investigate and promptly respond to notices of inaccurate information, but only if the furnisher of the information received notice of the consumer's dispute from a consumer reporting agency.  *See id.* § 1681s-2(b)(1); *see also Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) (explaining that consumers have a private right of action against furnishers for a violation of § 1681s-2(b)).

Here, although Hendrix-Smith now vaguely claims to have initiated a dispute with a consumer reporting agency, she made no such allegation in her complaint. And even if she had done so, she did not allege that Bank of America was provided notice by the agencies of such a dispute.  The district court therefore did not err in dismissing her FCRA claim.

**C.    The FDCPA**

Finally, Hendrix-Smith alleges that Chase Bank and Bank of America falsely published the notice of sale and published her phone number in a public database,

6

thus violating the FDCPA.  The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  "[I]n order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection."  *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

As to the first element, the FDCPA defines a "debt collector," in relevant part, as "any person" (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6); *see also Reese*, 678 F.3d at 1218.  Generally, banks are not debt collectors when their principal purpose of business is not to serve as third-party debt collectors.  *Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1311 (11th Cir. 2015).  Likewise, creditors and servicers are not typically subject to the FDCPA.  *Id.* at 1313, 1324 n.4.  Indeed, the FDCPA expressly states that the term "debt collector" does *not* include "any person collecting or attempting to collect any debt [such as a loan servicer] . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F).

7

Hendrix-Smith did not allege that Chase Bank, as the loan servicer, and Bank of America, as the secured creditor, were debt collectors in her complaint. And, even construed liberally, none of the allegations in her complaint suggest that the principal purpose of either defendant's business was debt collection or that either defendant regularly collected or attempted to collect on debts "owed or due another." *See id.* at 1311, 1317; § 1692a(6). Bank of America, as a creditor on Hendrix-Smith's loan, was not engaging in any collection activity related to "debts owed . . . another," but rather a debt owed itself through assignment. *See, e.g.*, *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721–22 (2017) (holding that debt purchaser "may indeed collect debts for its own account without triggering the statutory definition" in the FDCPA). And as for Chase Bank, even based on Hendrix-Smith's factual allegations in her complaint, it became the servicer on her loan prior to her default, which thus excludes it from the "debt collector" definition. As such, as alleged in the complaint, neither Chase Bank nor Bank of America can be considered a "debt collector" for purposes of the FDCPA in this case. Because Hendrix-Smith cannot state a plausible FDCPA claim against either Chase Bank or Bank of America, we affirm the district court's dismissal of this claim.

## IV.    CONCLUSION

For the foregoing reasons, we conclude that the district court did not err by dismissing Hendrix-Smith's complaint without prejudice because the allegations in

her complaint failed to state a valid fraud, FCRA, FDCPA, or any other claim.  We therefore affirm.

**AFFIRMED.**