[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17585
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20610-RNS

SHIRLEY SOLIS,

Plaintiff-Appellant,

versus

CITIMORTGAGE, INC.,
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,
AMY SUMACEWSKI,
ZACHARY W. SMITH,
BETZY FALGAS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 17, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Shirley Solis ("Solis") appeals pro se the district court's dismissal of her claims against CitiMortgage, Inc. ("Citi"); the law firm Robertson, Anschutz & Schneid, P.L. ("RAS"); and the law firm Shapiro, Fishman & Gaché ("SFG").[1] After careful review, we affirm.

I.

In June 2000, Grace Solis ("Grace") took out a purchase money mortgage to buy a piece of real estate in Miami-Dade County.  Three years later, Grace transferred title to the property to herself, Solis, and Sylvia Solis ("Sylvia").  Grace then refinanced the property with Allstate Mortgage and Investments and executed a note and mortgage in favor of Allstate.  Neither Solis nor Sylvia executed the note or mortgage.  In 2003, Allstate assigned the mortgage to Citi.

In 2011, Grace stopped making payments on the mortgage.  After two years of nonpayment, Citi filed a foreclosure action in Florida state court.  Citi's complaint named Solis as a defendant in the action because she was an owner of the mortgaged property, but acknowledged that only Grace signed the note and thus only she could be held liable for the debt.  Citi was represented by SFG from the time the foreclosure action was filed until October 2014 when RAS began

---

[1] Solis also named individual attorneys at both RAS and SFG as defendants.  For simplicity, we will refer only to the firm names, RAS and SFG.

representing Citi.  As far as the record indicates, the foreclosure action is still pending in state court.

In February 2016, Solis filed this suit pro se against Citi, RAS, and SFG. Solis alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.72(5), (9).  She claimed the defendants violated these statutes by filing the state foreclosure action against her when they knew, or should have known, that she did not sign the note and therefore "did not grant [Citi] a security interest" in the property.

The defendants moved to dismiss Solis's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The district court granted the defendants' motions.  The court dismissed Solis's FDCPA claim because her complaint failed to allege the defendants were "debt collectors" within the meaning of the FDCPA.  The court dismissed her FCCPA claim because it was barred by Florida's litigation privilege.[2]  Solis timely appealed.

## II.

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint

---

[2] The district court found Solis's claims were also deficient for other reasons.  Because we affirm the dismissal on the two grounds stated here, we do not discuss the district court's alternative grounds for dismissal.

as true and construing them in the light most favorable to the plaintiff." Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (per curiam) (quotation omitted and alteration adopted). We construe pro se pleadings liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

### A.

The district court found Solis failed to state a claim under the FDCPA because she did not adequately allege that the defendants were "debt collectors" as defined under that statute. We agree.

The FDCPA defines "debt collector" as "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); see also Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. 2012) ("[A] party can qualify as a 'debt collector' either by using an 'instrumentality of interstate commerce or the mails' in operating a business that has the principal purpose of collecting debts or by 'regularly' attempting to collect debts."). The statute also specifies several categories that are excluded from this definition, including "any person collecting or attempting to collect any debt . . . which was not in default at the time it was

4

obtained by such person." Id. § 1692a(6)(F)(iii). In other words, an entity that seeks to collect a debt that was not in default when the entity acquired it does not qualify as a debt collector for purposes of the FDCPA. Id.; Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1314 (11th Cir. 2015).

Solis's complaint fails to establish that the defendants meet the FDCPA's definition of "debt collector." Although she stated that the "[d]efendants are debt collectors as defined under the . . . FDCPA," she provided no factual allegations to support this assertion. Cf. Reese, 678 F.3d at 1218 ("The complaint [must] contain[] enough factual content to allow a reasonable inference that the [defendant] is a 'debt collector'. . . ."). More specifically, she did not plead facts to allow a reasonable inference that either the "principal purpose" of the defendants' business is debt collection or that they "regularly" engaged in debt collection. See 15 U.S.C. § 1692a(6). Further, with respect to Citi, Solis alleged that it acquired the debt in 2003, more than seven years before the debt went into default. Because the debt was not in default when Citi acquired it, Citi cannot qualify as a debt collector. See id. § 1692a(6)(F)(iii).

## B.

Turning to Solis's FCCPA claim, the district court found that claim must be dismissed because it is barred by Florida's litigation privilege. We affirm that decision.

Under Florida law, absolute immunity attaches to "any act occurring during the course of a judicial proceeding, . . . so long as the act has some relation to the proceeding."  See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994); see also Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1274–75 (11th Cir. 2004) ("Because we are Erie-bound to apply Florida law in evaluating the plaintiffs' supplemental state-law claims, Florida's litigation privilege applies to [] state-law claims adjudicated in federal court.").  The privilege applies to statutory violations, including violations of the FCCPA.  See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 383–84 (Fla. 2007).

Solis's FCCPA claim is based entirely on the defendants' filing of a state foreclosure action against her.  This is clearly an act with "some relation to" a "judicial proceeding."  Levin, 639 So. 2d at 608.  Therefore, as the district court found, Solis's claim is barred by Florida's litigation privilege.

**AFFIRMED.**